UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO OLIVARES, FERNANDO OLIVARES<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MAYWOOD, BRUCE LEFLAR, Chief of Maywood Police Department, Maywood Police Officer, PATRICK NIJLAND (#331), Maywood Police Officer PAUL CUNNINGHAM (#379); Maywood Police Officer EMIL FLORES; Maywood Police Officer LT. PAUL PINE; Maywood Police Officer ADAM GARCIA (#412); Maywood Police Officer JOSE GOMEZ (#345); Maywood Police Officer JUAN GONZALEZ (#417) and DOES 1-10<br><br>Defendants. | Case No. CV07-08337 GW (RCx)<br>*Assigned For All Purposes To:*<br>*Honorable George H. Wu*<br>*Courtroom 10*<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT.<br>*See para. 11* |

PURSUANT TO THE STIPULATION OF THE PARTIES, THE COURT HEREBY ORDERS the following Protective Order to be in effect:

1. **PURPOSES AND LIMITATIONS**

The Plaintiff seeks to take the deposition of Defendants and other personnel of the City of Maywood, which may result in testimony regarding information and documents relating to an officer's private and confidential information, personnel files, reports of prior misconduct, or other such information which Defendants deem confidential under California Penal Code §§164e, 832.5, 832.7 and 1328.5, Vehicle Code §1808.4 and Article I, Section I of the California Constitution (hereinafter "Protected Material"). The parties acknowledge that this Stipulation does not confer blanket protections on all testimony, disclosures or responses in discovery and that the protection it affords extends to the information and related items indicated above.

2. **SCOPE**

The protections conferred by this Stipulation cover not only Protected Material but also any information contained therein, as well as all copies, excerpts, summaries or compilations thereof, plus testimony by parties, witnesses or presentation by counsel in court or in other settings in which Protected Material may be disclosed. Notwithstanding the existence of this Stipulation, Counsel, the parties, or third persons shall not be required to produce the personal residential address, social security number, financial account number or information contained in related records, or other confidential information of any officer or former officer, including the names or contact information of family members or personal acquaintances contained in any documents which are produced.

3. **DEPOSITION TESTIMONY**

The testimony taken at a deposition or the deposition transcript as a whole may be designated as "Confidential" by making a statement to that effect on the record at the deposition/other proceeding, or by notifying the other parties and the Court Reporter of such designation within twenty (20) calendar days of the conclusion of

1 the deposition of that witness. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing Protected Material and to label that transcript "Confidential." Wherever any documents, information or other Protected Material may be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the room any non-authorized person. The court reporter shall be required to execute a copy of Exhibit A, which shall be bound with the transcript.

4. **DISCLOSURE OF CONFIDENTIAL INFORMATION**

"Confidential" matters may be disclosed to the following persons only:

(a) a party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) an expert or professional consultant to any party (along with clerical or secretarial staff);

(c) the attorney(s) of record, including paralegals, clerks, legal assistants and support personnel;

(d) the Court and its personnel;

(e) court reporters employed in this action;

(f) a witness at a deposition or other proceeding in this action and/or counsel for such witness. Such a witness may only have access to the information if he or she is testifying regarding the matter which is confidential and only if the witness (and their counsel, if any) agree(s) to keep the matter confidential; and,

(g) any person of whom the parties stipulate in writing or on the record.

Prior to receiving any Confidential Material, any such person as described above [other than as described under (d), above] shall be provided with a copy of this stipulation and the related court order, and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for each party.

5. <u>RESTRICTED USE OF CONFIDENTIAL INFORMATION</u>

All materials designated "Confidential" shall only be used for the prosecution, defense or settlement of this lawsuit. Each party shall take all steps necessary to have any authorized third person/entity acknowledge and agree to be bound by the terms of this Order, prior to disclosure of any "Confidential" information to such third party.

Within thirty (30) days after entry of dismissal of this action, or termination of this case by way of satisfied settlement, counsel for the parties shall assemble and deliver to each other all documents containing or referencing "Confidential" material. In the event of third party confidential information, such documents shall be delivered to the counsel for the party asserting confidential designation. In the alternative, the producing party and receiving party may further stipulate in writing that all or some documents containing "Confidential" information may be destroyed so long as an appropriate certification satisfactory to the party asserting confidential designation is provided.

All copies of deposition transcripts, whether written or video, shall be delivered to counsel for the party asserting confidential designation. All "rough" deposition transcripts shall be destroyed or deleted, and the party asserting "Confidential" designation may require certification to that effect from any participant of this Order.

6. <u>DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

Absent subsequent agreement between the parties or an Order of this court to the contrary, other than as set forth herein, any party or their counsel is precluded from disclosing any information contained within the Protected Material to any other individual, including but not limited to representatives of news gathering organizations and any attorney not presently serving as counsel for the plaintiffs in this action. Such prohibition does not include certified shorthand reporters in the process of reporting a deposition in the present action, subject to the requirements set forth in Section 4 below. Each party reserves its right to seek appropriate relief from the Court if necessary to enforce full compliance with this Order.

## 8. COURT PROCEDURES

In the event that any Confidential Material or information derived therefrom is included with, or the contents thereof are disclosed in, any materials that are submitted to the Court, such documents shall be filed *under seal* pursuant to the procedures set forth in Local Rule 79. If a motion to seal is not properly filed or granted, the parties will continue to undertake all reasonable steps to maintain the confidentiality of the Protected Material.

This Stipulation shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is entitled to confidentiality or whether its use should be restricted; or to present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein. The party requesting confidentiality shall have the burden of showing that such designation is appropriate. Counsel shall first undertake a good faith effort to resolve any such issue prior to submission to judicial intervention. An appropriate basis for seeking to have a document designated as "Confidential" by the Court shall be that the document or materials, or portions thereof, are necessary as evidence in the prosecution or defense of the action. Any such motion shall be subject to the Court's rules governing discovery, including but not limited to as set forth under Local Rule 37.

A party intending to utilize any Protected Material in any motion or other court proceeding not covered under the terms of this stipulation and related court order shall notify the other party, in writing, at least ten (10) days in advance of any filing of the intent to utilize such information and to allow the designating party to seek appropriate protection from the Court, if necessary.

## 9. NO ADMISSION OR WAIVER

This Stipulation is entered solely for the purpose of facilitating the exchange of information and testimony of individuals without unnecessarily involving the Court.

1  Nothing in this Stipulation, or any proceeding pursuant to this Stipulation, shall be
2  deemed to have the effect of an admission or waiver by any party or of altering the
3  confidentiality or non-confidentiality of any such document or information or altering
4  any existing obligation of any party or the absence thereof. Nothing in this
5  Stipulation shall be deemed to impact in any way a party's right to object to any
6  discovery request on any grounds.

   10. **PARTIES' OWN INFORMATION**

   The restrictions on the use of Protected Material established by this Stipulation are applicable only to the use of material received from another party to this action or a third-party source.

   11. **JUDICIAL ENFORCEMENT**

   This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Order for 60 days [handwritten] after conclusion of the underlying action.

**IT IS SO ORDERED.**

Dated: 11/25/08

**ROSALYN M. CHAPMAN**

Hon. Rosalyn Chapman,
Magistrate Judge of the United States District Court